JAMES FINLEY AND HANNALORE FINLEY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Finley v. Commissioner
Docket No. 22921-82
United States Tax Court
T.C. Memo 1983-295; 1983 Tax Ct. Memo LEXIS 495; 46 T.C.M. (CCH) 247; T.C.M. (RIA) 83295; May 25, 1983. Charles M. Mattingly, Jr., for the petitioners. Louis R. Mandel,Greg Amway, for the respondent. SHIELDS
MEMORANDUM FINDINGS OF FACT AND OPINION SHIELDS, Judge: This case is before the Court on respondent's motion to dismiss for lack of jurisdiction. Petitioners filed a written objection to respondent's motion and a hearing thereon was held. Respondent contends that the petition was not filed within the period prescribed *496 by sections 6213(a) and 7502. [1]
To facilitate the disposition of this case, our findings of fact and opinion have been combined. Respondent determined an income tax deficiency of $9,496.53 for 1977. He mailed a statutory notice of deficiency to petitioners by certified mail on June 9, 1982. Therefore, September 7, 1982, was the last day under section 6213(a) for the petitioners to petition this Court for a redetermination of the deficiency. Their petition was not received until September 13, 1982, the ninety-sixth day after the date of the notice. The envelope in which the petition was enclosed was mailed for Smithtown, New York, and bore a partially illegible postmark made by a private postage meter. There were no other postal markings on the envelope. Section 6213(a) provides that a taxpayer residing within the United States may file a petition with this Court for a redetermination of a deficiency within 90 days after a statutory notice of deficiency is mailed to the taxpayer. If a petition is received within the 90-day period, the petition is deemed filed *497 on the date it is received. However, if a petition is received more than 90 days after the mailing of the deficiency notice, the petition is considered filed when mailed but only if the requirements of section 7502 are satisfied. Section 7502(a) provides, generally, that a petition will be deemed to be timely filed, notwithstanding untimely receipt, if the envelope containing the petition bears a postmark by the United States Postal Service which falls within the 90-day period. Section 7502(b) authorizes the Secretary of the Treasury to prescribe regulations for determining when, and to what extent, section 7502(a) will be applied to postmarks not made by the United States Postal Service. , affd. per curiam ; . Pursuant to such authority, section 301.7502-1(c)(1)(iii)(b), Proced. and Admin. Regs., has been promulgated. It provides that a privately metered mailing for a petition qualifies for the timely mailing rule of section 7502(a) only if two conditions are satisfied: (1) the postmark on the envelope must bear *498 a date on or before the ninetieth day, and (2) the Court must receive the petition no later than the time in which a letter would ordinarily be received if mailed from the petitioner's point of origin on the ninetieth day. If the petition is not received in the ordinary course of the mails, it nevertheless will be treated as timely if petitioner establishes (1) that the petition was actually deposited in the mail before the last collection of mail on or before the last day prescribed for filing, (2) that the delay was due to a delay in transmission of the mail, and (3) the cause of such delay.See also , affg. a Memorandum Opinion of this Court. Petitioners argue that they should be permitted to offer evidence establishing that the petition was mailed on the ninetieth day. They cite no cases in support of their position. Respondent on the other hand urges that the Court may not consider extrinsic evidence since petitioners have not satisfied the first prong of the regulation that the private postage meter postmark bear a date on or before the last day of the period prescribed for filing. [2] In support *499 of his view respondent cites us to . However, Wiese is factually inapposite for its concerned a private postmark which was clearly dated the ninety-first day. We need not dwell further on the question for even if petitioners were to establish that the petition was timely mailed, they must further show (1) that the six-day delay in receiving the petition was due to a delay in the transmission of the mail and (2) the cause of the delay. ; see also Sec. 301.7502-1(c)(1)(iii)(b), Proced. and Admin. Regs. The petitioners have offered no evidence on the reason for the delay and whether it was due to a problem in transmission of the mail. Thus, even accepting petitioners' evidence *500 to the effect that the petition was mailed on the ninetieth day, as their accountant and his secretary attest, there would still be a failure of proof. Accordingly, respondent's motion to dismiss for lack of jurisdiction will be granted. An appropriate order will be entered.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as in effect during the year in issue.↩
2. We agree that such evidence is not admissible when an envelope bears a legible U.S. postmark. The same rule applies where the envelope bears a legible postmark made by a private meter after the last day for timely filing. ; sec. 301.7502-1(c)(1)(iii). Proced. and Admin. Regs.↩